**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHENGZHE DONG, | No. 07-70856 |
| Petitioner, | Agency No. A097-359-927 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Shengzhe Dong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ")  decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

evidence, *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009), and we grant and

remand the petition for review.

The IJ's adverse credibility determination is not supported by substantial

evidence because Dong explained why his cousin was wanted by the North Korean

government, *see Tekle v. Mukasey*, 533 F.3d 1044, 1052-55 (9th Cir. 2008), the

perceived inconsistencies between Dong's testimony and declaration as to whether

he was locked to a heating pipe or air conditioning unit are minor inconsistencies

that do not go to the heart of the claim, *see Li*, 559 F.3d at 1103-05, and Dong was

not given an opportunity to explain the omissions in his declaration and testimony

that the IJ relied upon, *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir.

2009).

Additionally, the BIA did not have the benefit of our intervening decision in

*Li*, 559 F.3d at 1099, which holds that substantial evidence did not support the

BIA's finding that the petitioner was a mere criminal subject to prosecution when

the petitioner violated no Chinese law, but instead came to the aid of refugees in

defiance of China's unofficial policy of discouraging aid to refugees.

Accordingly, we grant the petition to review with respect to Dong's asylum, withholding of removal, and CAT claims, and remand to the BIA on an open record. *See Soto-Olarte*, 555 F.3d at 1096; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**